**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOSEPH SANDOVAL** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-3060** |
| **WARDEN BURL CAIN** | **SECTION I/5** |

## ORDER AND REASONS

Before the Court is an objection to the Report and Recommendation of the United States Magistrate Judge ("Magistrate") made by petitioner, Joseph Sandoval. Petitioner objects to the Magistrate's ruling regarding the trial judge's failure to recuse himself. Specifically, Sandoval argues that the Magistrate should have applied a structural error analysis to his claim that the trial judge could not preside fairly because, at the time of trial, the judge knew he was a suspect in an ongoing criminal investigation.

A structural error is "a constitutional error subject to automatic reversal without harmless error review." Richardson v. Quarterman, 537 F.3d 466, 473 (5th Cir.2008). Structural errors are limited to the small set of cases containing "structural defects in the constitution of the trial mechanism, which defy analysis by harmless error standards." Brecht v. Abrahamson, 507 U.S. 619, 629 (1993). Actual or presumptive bias on the part of the presiding judge constitutes structural error. Buntion v. Quarterman, 524 F.3d 664, 672 (5th Cir. 2008).

"Bias is a difficult claim to sustain under [the] AEDPA because the Supreme Court's case law on bias has acknowledged that what degree or kind of interest is sufficient to disqualify a judge from sitting cannot be defined with precision." Buntion v. Quarterman, 524 F.3d 664, 672 (5th Cir. 2008) (citations and quotations omitted). "Application of this vague standard, when

viewed through the deferential lens of <u>Williams v. Taylor</u> and the AEDPA, necessarily leaves

state courts considerable latitude to pronounce rulings that do not contradict, and are reasonable

applications of [Supreme Court precedent]." <u>Ryan v. Clarke</u>, 387 F.3d 785, 793-94 (8th Cir.

2004) (quoting <u>Jones v. Luebbers</u>, 359 F.3d 1005, 1012-13 (8th Cir. 2004)).

In order to obtain relief under § 2254, a petitioner must establish that a "genuine question

exists concerning [the trial judge's] impartiality." <u>Bigby v. Dretke</u>, 402 F.3d 551, 559 (5th Cir.

2005) (citing <u>Liteky v. United States</u>, 510 U.S. 540, 552 (1994)).  A petitioner seeking to

establish bias must overcome "(1) the presumption of honesty and integrity of the adjudicators

and (2) the presumption that those making decisions affecting the public are doing so in the

public interest." <u>Id.</u>

## I.  Presumptive Bias

Presumptive bias occurs when "the probability of actual bias is too high to be

constitutionally tolerable." <u>Richardson</u>, 537 F.3d at 474 (citations and internal quotations

omitted).  There are only three situations in which the Supreme Court has found presumptive

bias:

> (1) the decision maker has a direct personal, substantial, and pecuniary
> interest in the outcome of the case; (2) an adjudicator has been the
> target of personal abuse or criticism from the party before him; and (3)
> a judicial or quasi judicial decision maker has the dual role of
> investigating and adjudicating disputes and complaints.  <u>Bigby</u>, 402
> F.3d at 559 (citing <u>Aetna Life Ins. Co. v. Lavoie</u>, 475 U.S. 813, 824-25
> (1986)).

Courts have been unwilling to presume bias in cases falling outside these three

categories.  <u>See</u> <u>Bigby</u>, 402 F.3d at 560 (declining to presume bias in a capital case even after the

petitioner had, during trial, stolen a gun and taken the trial judge hostage); <u>Richardson</u>, 537 F.3d

at 476 (declining to presume bias where the judge's wife was an acquaintance of the murder

victim); <u>Buntion</u>, 524 F.3d at 668 (declining to presume bias despite the judge's "inappropriate" and "atypical" actions that included a comment that defendant would be convicted and executed "sooner or later").

Petitioner has not created a genuine question concerning the trial judge's impartiality. Petitioner asserts that the trial judge, Judge Bodenheimer, should be viewed as presumptively biased because the trial judge was a suspect in an ongoing criminal investigation. Petitioner fails to demonstrate, however, that Judge Bodenhemier had any *direct* stake in the outcome of petitioner's trial. While petitioner alleges that Judge Bodenheimer had a general incentive to curry favor with law enforcement, petitioner cannot demonstrate that the outcome of his specific case had the potential to impact the unrelated case against Judge Bodenheimer. Two other sections of this Court have addressed habeas petitions filed by former defendants in Judge Bodenheimer's court. In neither case did the court hold that Judge Bodenheimer's status as a suspect in an unrelated case required a finding of presumptive bias. <u>See</u> <u>Orange v. Cain</u>, 2009 WL 938909, at *17 (E.D.La. April 6, 2009) (Vance, J.); <u>Harris v. Cain</u>, 2006 WL 378329, at *7 (E.D.La. Feb. 13, 2006) (Berrigan, J.) ("Judge Bodenheimer's corrupt activities do not lead to an inference that he was biased against criminal defendants").

## II. Actual Bias

In the absence of presumptive bias, courts then look to the record for evidence of actual bias. <u>See</u> <u>Bigby</u>, 402 F.3d at 560. As the Magistrate correctly noted, petitioner "offers no specifics regarding alleged errant credibility determinations on the part of Judge Bodenheimer."[1] Further, the state habeas court found that petitioner's evidence of bias was "speculative."[2] Given that petitioner was tried before a jury and attacks no specific rulings made by Judge

---

[1] R. Doc. No. 9, p. 12.
[2] R. Doc. No. 1-2, p. 2.

Bodenheimer, the state court's opinion that petitioner has not provided enough evidence to overcome the presumption of honesty and integrity is not unreasonable.

Accordingly, the Court, having considered the petition, the record, the applicable law and the Report and Recommendation of the United States Magistrate Judge, and the objection by petitioner, Joseph Sandoval, which is hereby **OVERRULED**, approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

Therefore, **IT IS ORDERED** that the petition of Joseph Sandoval for issuance of a writ of habeas corpus under 28 U.S.C. § 2254, is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, December 4, 2009.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**